**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY WILLIS, | No. 14-16071 |
| Plaintiff - Appellant, | D.C. No. 1:04-cv-06542-AWI-BAM |
| v. | |
| JOSEPH MULLINS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Argued and Submitted May 9, 2016
San Francisco, California

Before: KLEINFELD, IKUTA, and WATFORD, Circuit Judges.

**1.** The district court erred by granting summary judgment in favor of

defendants on Gary Willis' Fourth Amendment claim for the warrantless search of

his briefcase. As of March 27, 1996, the date of the briefcase search, this circuit's

case law concerning third-party consent was settled. Although the Supreme

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Court's decision in *United States v. Matlock*, 415 U.S. 164 (1974), did not consider the effectiveness of a third party's consent when (1) the third party's joint access to the property is narrowly prescribed, (2) the objecting party is physically present at the time the third party gave consent, and (3) the objecting party actively opposed the search, this circuit did consider the effect of such factual circumstances in *United States v. Impink*, 728 F.2d 1228 (9th Cir. 1984). There, we held that when "a suspect is present and objecting to a search, implied consent by a third party with an inferior privacy interest is ineffective." *Id.* at 1234.

Under *Impink*, a reasonable jury could conclude that Kathleen Moye's consent was ineffective, and that defendants' subsequent search of Willis' briefcase violated clearly established Fourth Amendment law. Considering the evidence in the light most favorable to Willis, a reasonable jury could conclude that Willis had superior access to the briefcase. *See id.* at 1233. Despite telling defendants that she had placed drug paraphernalia in Willis' briefcase, and responding "I guess so" when asked if Officer Silvius could retrieve the paraphernalia, Moye did not provide defendants with the combination to unlock the briefcase. Willis, however, knew the combination and refused to provide it to defendants when asked. In addition to Moye's limited access, a reasonable jury could also conclude that Willis was physically present at the time Moye gave

consent, and that he actively opposed the search of his briefcase. *See id.* at 1233–34. Because a reasonable jury could determine that Willis was present at the time of the search, actively opposed the search, and had superior control over the briefcase, we are bound by *Impink* to reverse the district court's order granting summary judgment to defendants on this claim.

**2.** The district court properly granted summary judgment to defendants on Willis' malicious prosecution claim. To prevail on this claim, Willis must show not only that his underlying criminal conviction was overturned, but also that the basis on which the conviction was overturned reflects Willis' innocence of the underlying charges. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004); *Siebel v. Mittlesteadt*, 161 P.3d 527, 530–31 (Cal. 2007). In *People v. Willis*, 46 P.3d 898, 902–17 (Cal. 2002), however, the California Supreme Court overturned Willis' conviction by holding that defendants' initial entry into Willis' motel room was an unreasonable search, and that the contraband found inside his briefcase was inadmissible under the "fruit of the poisonous tree" doctrine. Because the basis of the California Supreme Court's decision did not reflect Willis' innocence of the charges, Willis cannot prevail on his malicious prosecution claim. *See Siebel*, 161 P.3d at 531. Accordingly, we do not reach Willis' arguments regarding causation and compensatory damages with respect to this claim.

**3.** The district court did not abuse its discretion in ruling on evidentiary issues. Willis' prior sex-offender convictions were properly excluded before trial, and to the extent the district court left the door open to their admission at a later time, Willis suffered no harm as a result of the court's ruling because he did not testify at trial. Any alleged prejudice that Willis would have suffered had he testified is speculative at best. *See Luce v. United States*, 469 U.S. 38, 41–43 (1984). The district court properly held that Willis' 2010 felony conviction for escaping from custody was admissible for impeachment purposes under Federal Rule of Evidence 609(a)(1)(A).

**4.** The California Supreme Court's decision in *People v. Willis* does not preclude defendants from seeking qualified immunity in this case. The issue of the officers' individual objective reasonableness for purposes of qualified immunity was not "necessarily decided" by the California Supreme Court, which found a lack of good faith reliance under a California rule that imputes collective law enforcement knowledge to all officers. 46 P.3d at 913–17; *see Lombardi v. City of El Cajon*, 117 F.3d 1117, 1121 (9th Cir. 1997). Therefore, the doctrine of issue preclusion does not apply. *Lombardi*, 117 F.3d at 1121. Further, any error in excluding as irrelevant the decision in *People v. Willis* was harmless. *See Sloman v. Tadlock*, 21 F.3d 1462, 1471 (9th Cir. 1994).

**5.** The district court did not err when it used the phrase "good faith" in the qualified immunity jury instruction at trial. *See Peralta v. Dillard,* 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc). Despite Willis' contention that the phrase "good faith" invalidates the instruction on the ground that it asks the jury to assess the defendants' subjective beliefs, this circuit has used the same language in other qualified immunity cases. *See Espinosa v. City and County of San Francisco*, 598 F.3d 528, 535 (9th Cir. 2010). The instructions elsewhere made clear that the inquiry turned on the objective reasonableness of defendants' actions. Moreover, this court's earlier memorandum disposition on interlocutory appeal does not conflict with the qualified immunity jury instruction given at trial.

**6.** Likewise, the court's jury instruction stating that "[t]he presence of errors in a document does not automatically deprive a defendant, who relied on that document, of qualified immunity" was not erroneous. Law enforcement officers are not deprived of qualified immunity merely because they made a mistake of fact, as long as that mistake was reasonable. *See Espinosa*, 598 F.3d at 535. This jury instruction, read with the rest of the court's jury instructions, adequately conveyed the law regarding the objective reasonableness of the defendants' actions, including the reasonableness of relying on an erroneous parole roster.

**7.** Because we affirm the jury's verdict that the defendants are not liable for the initial unlawful entry into the motel room, Willis' argument that the district court erred in excluding evidence regarding the extent of damages for that entry is moot.

**8.** Appellees' May 13, 2016, motion to strike appellant's supplemental Rule 28(j) letters is GRANTED.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

The parties shall bear their own costs.

**Willis v. Mullins,** No. 14-16071.

KLEINFELD, Senior Circuit Judge, concurring in part and dissenting in part:

I respectfully dissent with regards to section 1, the briefcase search. I would affirm the dismissal of this section 1983 case.

The question before us is whether the police officers had qualified immunity for the briefcase search, not whether the fruits of the search should have been suppressed. The officers were entitled to qualified immunity because it would not have been clear to a reasonable officer, given the law at the time, that the constitution prohibited the search of the briefcase.[1] The reason why is that one of the apparent possessors consented to the search.

Two people occupied the motel room, Gary Willis and Kathleen Moye. Moye testified that she had put various drug paraphernalia into the briefcase, while Willis was not in the room. He had left because they had had an argument. No testimony established whether the briefcase was open, closed, or locked when

---

[1] Torres v. City of Madera, 648 F.3d 1119, 1123 (9th Cir. 2011).

1

Moye put things into it. Moye testified that she locked the briefcase when Willis put his key in the motel room door. When the police came, she consented to a search of the briefcase, though Willis did not. These facts were sufficient so that a reasonable officer would think that one of two people with equal access to the briefcase had consented to the search.

The majority takes the mistaken view that under United States v. Impink,[2] a reasonable officer would have known that he could not constitutionally search the briefcase. Impink is not on point because there, a landlord, who was not even present, was treated as impliedly consenting to a search of her tenant's rented house. Impink was a direct appeal of a criminal conviction, not a qualified immunity case. And we rejected the government's argument not merely because the tenant had "superior control," the factor the majority uses, but because a landlord ordinarily has no right at all to enter a tenant's house and garage whenever she likes to poke around and expose it to others. "It is most unlikely that an informal agreement that the lessor could retrieve her property from the garage could be construed to permit surreptitious entry into the garage at midnight."[3] By

---

[2] 728 F.2d 1228 (9th Cir. 1984).

[3] Id. at 1233.

contrast, Willis had left his briefcase with Moye, and she had put things into it in his absence, so her control was about as good as his at the time. The record does not appear to establish whether she had the combination or not.

It is inconsistent with the law, and unfair, to subject the police officers to damages because they acted on Moye's consent without Willis's consent. A reasonable officer in the circumstances would not infer that because a landlord cannot consent to entry into her tenant's house, neither can a joint user of a briefcase consent to looking inside it. The analogy is too weak to overcome qualified immunity.

3